IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD O. SMITH II, | No. C 10-4814 PJH |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

Plaintiff Clifford O. Smith ("Smith") applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the time that his attorney, Harvey P. Sackett ("Sackett"), expended on appeal before this court of the Commissioner's final decision denying plaintiff's disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the court hereby GRANTS IN PART and DENIES IN PART Smith's motion for the following reasons.

## BACKGROUND

On March 26, 2012, this court granted Smith's motion for summary judgment, and denied the Commissioner's cross-motion for summary judgment. The court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) because the administrative law judge ("ALJ") erred in partially rejecting Dr. Gonick-Hallows' opinion, and because he failed to pose hypotheticals to the vocational expert ("VE") reflecting all of Smith's limitations based on Dr. Gonick-Hallows' opinion. On remand, the ALJ was ordered to consider Dr. Gonick-

Hallows' opinion, articulate clear and convincing reasons to support any rejection of the opinion, and to present a new hypothetical to the VE incorporating any changes to Smith's residual functional capacity ("RFC) and/or properly supported limitations.

On April 30, 2012, Smith filed a motion with the court, requesting an award of attorney's fees in the amount of $6,614.78, based on 33.65 hours for Sackett's work, as well as 5.2 hours for paralegal work.[1] On June 5, 2012, Sackett added 2.6 hours in a supplemental declaration attached to Smith's reply brief to seek a total award of fees in the amount of $7,084.31.

## DISCUSSION

### A. Legal Standards

The EAJA mandates an award of attorney's fees and expenses to a prevailing party other than the United States in any civil action, other than one sounding in tort, "brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A disability applicant becomes a prevailing party "if the denial of [his] benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993)). In addition, the government carries the burden to show that its position was substantially justified or that special circumstances existed. Id.

### B. Motion for Attorney's Fees

Here, Smith's counsel, Harvey Sackett, argues that the requested attorney's fees are warranted because the ALJ's decision was contrary to relevant case law and agency policy. Because the ALJ's decision had no reasonable basis in law and fact, Smith contends the Commissioner's position was not substantially justified. Smith also asserts the payment of fees should be directed to his counsel because of a fee assignment from Smith to Sackett.

---

[1] Sackett billed 2.4 hours at $175.06 per hour for 2010 and billed 31.25 hours at $180.59 per hour for 2011. Sackett billed 5.2 hours for the paralegal's time at $106.00 per hour.

In contrast, the Commissioner claims his position was substantially justified and Smith should not be awarded fees. Additionally, the Commissioner opposes the payment of fees directly to Sackett. The Commissioner does not dispute the reasonableness of Sackett's hourly rates other than to contend in the conclusion of his opposition brief that "[a]lternatively, if fees are awarded, they must be substantially reduced." See Def.'s Opp'n Br. at 6.

**1. Substantial Justification**

"The Commissioner is 'substantially justified' if his position met 'the traditional reasonableness standard - that is justified in substance or in the main, or to a degree that could satisfy a reasonable person.'" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). Moreover, "[t]he Supreme Court has explained that 'a position can be justified even though it is not correct, and [that] it can be substantially . . . justified . . . if it has a reasonable basis in law and fact.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 556 n.2 (1988)); see also Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) ("[i]n this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA").

As mentioned above, Smith contends the Commissioner's position was not substantially justified. Because this court found that the ALJ mistreated Dr. Gonick-Hallows' opinion, similarly failed to provide clear and convincing reasons for partially rejecting it, and consequently gave inaccurate hypotheticals to the VE, Smith contends the ALJ acted contrary to case law and agency policy. Smith further argues the Commissioner maintained an erroneous position during litigation.

In contrast, the Commissioner contends his position was substantially justified. Specifically, the Commissioner argues that even though the court reversed and remanded the ALJ's decision, he was substantially justified in his treatment of Dr. Gonick-Hallows' opinion. The Commissioner maintains he acted reasonably and he based his position on the relevant facts and Ninth Circuit authority. Moreover, because the court engaged in a detailed discussion of the parties' cited authority, the Commissioner argues this

3

demonstrates that there was a "genuine dispute" regarding the proper treatment of Dr. Gonick-Hallows' opinion. Pierce, 487 U.S. at 565.

The court finds that the Commissioner's position was not substantially justified, thus an award of attorney's fees pursuant to the EAJA is warranted. More specifically, the court finds that the Commissioner has failed to meet his burden to demonstrate that his position had a reasonable basis in law and fact. Although the court undertook a detailed discussion of the parties' cited authority in its March 26, 2012 order, the court's order nonetheless reveals that the Commissioner's position did not have a reasonable basis in law and fact.

For example, the court pointed out that the ALJ failed to provide clear and convincing reasons for discounting Dr. Gonick-Hallows' opinion. The court, citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1199 (9th Cir. 2008), found that the ALJ similarly failed to explain how Dr. Gonick-Hallows' opinion was based on Smith's subjective complaints. In addition, the court also explained that the Commissioner's reliance on Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595 (9th Cir. 1999) was "completely unrelated" to one of the issues on which the Commissioner based his litigation position.

The court also found that the Commissioner's position was not reasonable factually. Most importantly, the court explained that Dr. Gonick-Hallows carried out three standardized psychological examinations, which the ALJ failed to properly evaluate. The court explained the psychological examinations were not only supported by social security regulations, but also by Ninth Circuit authority. See Vasquez v. Astrue, 572 F.3d 586, 596 (9th Cir. 2008).

Accordingly, the court finds that the Commissioner's position was not substantially justified and the court GRANTS Smith's motion for attorney's fees.

**2. Reasonableness of Hours**

As noted above, Smith seeks a total award of fees in the amount of $7,084.31. This amount is based on 41.45 hours for both Sackett's work and paralegal work. The Commissioner does not contest Smith's hourly rate or specific fee request other than to briefly argue in the conclusion of his opposition brief that the fees should be "substantially

4

1  reduced." See Def.'s Opp'n Br. at 6.

2  Under the EAJA, "reasonable attorney fees" shall be awarded. 28 U.S.C. §
3  2412(d)(2)(A). Attorney's fees are set at a market rate but capped at $125 per hour. Id.
4  Thus, a district court may not award attorney's fees in excess of $125 per hour "unless the
5  court determines that an increase in the cost of living or a special factor, such as the limited
6  availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28
7  U.S.C. § 2412(d)(2)(A)(ii).

8  This court has discretion in determining the amount of a fee award, including the
9  reasonableness of the hours claimed by the prevailing party. Gates v. Deukmejian, 987
10 F.2d 1392, 1398 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). In
11 determining what constitutes a reasonable fee, a court should consider factors such as the
12 number of hours requested and any duplication of effort. Id. at 1397. In determining the
13 fee award, the court should "provide a concise but clear explanation of its reasons for the
14 fee award." Hensley, 461 U.S. at 437 (involving attorney fee proceeding under 42 U.S.C.
15 § 1988); see INS v. Jean, 496 U.S. 154 (1990) (the district court's determination of what fee
16 is reasonable under the EAJA is the same as the standard in Hensley). Hensley requires
17 only that this court provide some explanation of how it arrived at the amount of
18 compensable hours for awarding attorney's fees. See Gates, 987 F.2d at 1398.

19 The Supreme Court has stated that "the most useful starting point for determining
20 the amount of a reasonable fee is the number of hours reasonably expended on the
21 litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. In addition, the
22 party seeking fees bears the burden of establishing entitlement to an award and
23 documenting the appropriate hours expended and the hourly rates. Id. at 437.

24 Fee shifting statutes like the EAJA encourage competent attorneys to accept cases
25 that they otherwise would not by assuring recovery of a reasonable fee. A reasonable fee
26 should be awarded based on, but not limited to, the complexity of the case or the novelty of
27 the issues, and the attorney's expertise and skill. See Kerr v. Screen Extras Guild, Inc.,
28 526 F.2d 67, 69-70 (9th Cir. 1975) (setting forth twelve factors the district court may

5

consider in calculating reasonable attorney's fees, at least three of which the court must consider so as not to constitute an abuse of discretion), rev'd on other grounds, City of Burlington v. Dague, 505 U.S. 557, 567 (1992) (deeming irrelevant to fee calculation the fixed or contingent nature of a fee, casting doubt on the relevance of the case's "desirability" to the fee calculation).  The amount of time reasonably billed for social security appeals varies depending on the complexity of the case, the experience of counsel, and the disposition of the appeal.  See Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering the twelve factors set forth in Kerr and the attorney's insufficient support for his claimed hourly rate).

There is no bright line rule.  Some courts have found that forty hours expended for a social security appeal is excessive.  For example, in Vanover v. Chater, the court found forty-two hours was excessive.  946 F.Supp. 744, 746 (E.D. Mo. 1996).  The court based this finding on the large number of routine social security disability cases it received and reduced the hours from forty-two to twenty hours.  Id.  Similarly, in Spruil v. Bowen, the district court reduced the hours from sixty-two to thirty-seven to reflect "billing judgment" in a social security case.  691 F.Supp. 302, 306-07 (M.D. Fla. 1988).  In Chandler v. Secretary of Dep't. of Health and Human Serv., the court found forty-one hours for a district court briefing unreasonable.  792 F.2d 70, 73 (6th Cir. 1986).

On the other hand, some courts have found forty hours or more reasonable under the EAJA.  For example, the court in Hardy v. Callahan, 1997 WL 470355, *9 (E.D. Tex. 1997), awarded attorney's fees for forty hours of work expended on a relatively non-complex social security case.  Id. at *8.  The court awarded a total of forty hours rather than the requested 58.5 hours because the case did not involve any particularly complex factual issues, the medical evidence was straightforward and understandable, and the legal issues were not matters of first impression.  Id.  Another district court likewise determined that forty hours was, in fact, "a reasonable expenditure of time" in a social security appeal.  See Pribek v. Secretary of Dep't. of Health and Human Serv., 717 F.Supp. 73, 75-7 (W.D. N.Y.

1989) (granting fees for forty hours instead of the requested eighty-seven hours because "forty hours more adequately reflects, in this Court's experience, a reasonable expenditure of time on a case of this sort, which is unextraordinary in all respects").

### a. Sackett's Hourly Rate

It appears that Smith seeks an award of attorney's fees calculated at a rate adjusted to account for an increase in the cost-of-living. In Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001), the Ninth Circuit approved a cost-of-living adjustment that is computed by multiplying the basic EAJA rate cap ( i.e., $125) by the current Consumer Price Index for Urban Consumers ("CPI-U") for the year the fees were earned, then dividing the product by the CPI-U in the month the statutory rate cap was imposed. The quotient equals the adjusted hourly rate. *Id.*

Here, as noted, Smith seeks attorney's fees at a rate of $175.06 per hour for 2010, and $180.59 per hour for 2011. Smith has not specifically explained how the CPI-U results in the 2010 and 2011 rates he claims in this case. However, the Commissioner does not dispute this rate, and the court notes that another judge on this court approved attorney's fees at the rate of $174.69 per hour for Smith's attorney, Sackett, in another case based on the CPI-U for work performed in 2006 and 2007. See Hayes v. Astrue, 2008 WL 648463 at *6 (N.D. Cal. 2008). Accordingly, the requested rates, which pertain to work performed several years later in 2010 and 2011, appear to reasonably account for an increase in the cost-of-living, and the court will approve the requested rates under 28 U.S.C. § 2412(d)(2)(A).

### b. Sackett's Initial 33.65 Hours and the Paralegal's 5.2 Hours of Work

The court finds that the EAJA award amount for Sackett's attorney's fees and other costs is reasonable. More specifically, the court finds that the services rendered constituted a reasonable allocation of time and resources. The court's finding is also supported by the medical history and evidence involved, the length of the administrative transcript, and the issues presented in the case. Although Sackett bears the burden to establish the appropriate amount of hours expended, as well as the hourly rates, the

7

Commissioner's failure to specify how or why Sackett's fees should be reduced further persuades the court to award the requested amount. Therefore, the court will allow the 33.65 hours of Sackett's work and the 5.2 hours of the paralegal's work without any reduction.

### c.   Additional 2.6 Hours For Reply on Fee Motion

As noted above, Sackett seeks an additional award of 2.6 hours for the time spent preparing the reply brief and its attached supplemental declaration. The Supreme Court has held that under the EAJA, the prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the EAJA fee award. INS, 496 U.S. at 161; see also Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991). Therefore, Sackett may reasonably request compensation for the work he performed for the reply brief and supplemental declaration. Because the 2.6 hours of work is reasonable, the court will allow and grant the request.

### 3.   Direct Payment of EAJA Attorney's Fees to Plaintiff's Attorney

Smith requests that the payment of attorney's fees be made directly to Sackett based on a fee assignment from Smith to Sackett. The Commissioner, on the other hand, argues such a request is contrary to the EAJA and Supreme Court precedent.

According to the EAJA, "a court shall award to a *prevailing party* . . . fees and other expenses . . . incurred by that party in a civil action (other than cases sounding in tort) . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

In Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010), the Supreme Court resolved a longstanding circuit split on the question of whether fee awards under EAJA were payable to the party or the attorney by holding that EAJA awards are to be paid to the prevailing litigant. See United States v. $186,416.00 in U.S. Currency, 642 F.3d 753, 755 (9th Cir. 2011) (discussing Ratliff, 130 S.Ct. at 2525-29). In Ratliff, the Supreme Court highlighted the absence of language in EAJA explicitly directing fees to attorneys. Id. at 756 (discussing Ratliff, 130 S.Ct. at 2525-29). Comparing EAJA with a provision in the Social

8

Security Act making fee awards payable "to such attorney," see 42 U.S.C. § 406(b)(1)(A), the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." Id. (quoting Ratliff, 130 S.Ct. at 2527–28).

Based on Ratliff and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to the direct payment of the EAJA award and not Sackett. Therefore, the court DENIES Smith's request that payment be directed to Sackett. Instead, the court orders that the payment be directed to Smith.

## CONCLUSION

For the foregoing reasons, this court GRANTS IN PART and DENIES IN PART Smith's motion for attorney's fees and costs. Specifically, the court finds that the Commissioner's position was not substantially justified and thus GRANTS Smith's motion for attorney's fees and other costs. However, the court DENIES Smith's request to make payment to Sackett and orders payment be made to Smith in the total amount of $7,084.31.

**IT IS SO ORDERED.**

Dated: July 31, 2012

Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE

9