IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD O. SMITH II,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security

    Defendant.

                                 /

No. C 10-4814 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

       Plaintiff Clifford O. Smith ("Smith") moves for reconsideration of this court's July 31, 2012 order granting in part and denying in part his request for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the time that his attorney, Harvey P. Sackett ("Sackett"), expended on appeal before this court of the Commissioner's final decision denying plaintiff's disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. In that order, the court awarded Smith's attorney, Sackett, all of the attorney's fees that he requested in the amount of $7,084.31, but denied his request for direct payment of the fees based on the United States Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).

       Smith now argues that the attorney's fees order is based on a manifest error of law or of fact. Smith mistakenly claims that the court previously overlooked his brief filed in support of his original motion for attorney's fees, and makes the same arguments in his current motion that he did in support of the prior motion for attorney's fees. The court,

however, did *not* overlook Smith's brief.

Smith suggests that Sackett is entitled to direct payment simply because the Commissioner does not object to such an arrangement. However, for the reasons stated in the court's July 31, 2012 order, the court concludes that the Supreme Court has held otherwise. Smith cannot obtain the relief he desires - direct payment of the fees to his attorney Sackett - simply by pointing to the absence of any objection or even by stipulating to an arrangement that is contrary to the Supreme Court's decision. The court continues to interpret the Court's decision in *Ratliff* to require direct payment of the EAJA award to Smith - and not to his attorney. 130 S.Ct. at 2527-28; *see also United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011) (discussing *Ratliff*, 130 S.Ct. at 2525-29).

For these reasons, Smith's motion to alter or amend judgment is DENIED.

**IT IS SO ORDERED.**

Dated: September 19, 2012

Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE

2